# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK J. MILLER,

        Plaintiff,

v.                                        Case No.  03-2424-DJW

PRAIRIE CENTER MUFFLER, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This is a premises liability case in which Plaintiff alleges that a defective or negligently constructed storage rack on Defendant's premises fell and struck him causing injury. This claim was tried to a jury, which ultimately rendered a verdict against Plaintiff and in favor of Defendant on November 4, 2004. Pending before the Court is Plaintiff's Motion for New Trial (doc. 76).  For the reasons stated below, Plaintiff's Motion is granted.

## Issues Presented

Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 59, he is entitled to a new trial for the following three reasons: (1) Defendant intentionally concealed the identity of persons who witnessed Plaintiff's accident and its immediate aftermath; (2) the Court erred in denying Plaintiff's pretrial Motion to Strike Defendant's Answer and for Entry of Default Judgment on the Issue of Liability Against Defendant; and (3) the verdict in favor of Defendants is against the weight of the evidence.

<u>**Applicable Law**</u>

Pursuant to Fed. R. Civ. P. 59(a), a "new trial may be granted to all or any of the parties on all or part of the issues . . . in an action in which there has been a trial by jury." Motions for a new trial are committed to the sound discretion of the trial court.[1] They are "not regarded with favor and should only be granted with great caution."[2] More specifically, a motion for a new trial "should be granted when the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done."[3]

<u>**Discussion**</u>

**A.    Intentionally Concealed the Identity of Crucial Witnesses**

Plaintiff maintains that Defendant generally listed "employees" in its initial and final witness lists and intentionally concealed from Plaintiff the names, addresses and social security numbers of these employees. Plaintiff argues that because he never received this information, the jury was deprived of critical evidence in the form of eyewitness testimony regarding the accident at issue. For this reason, Plaintiff argues he is entitled to a new trial.

Defendant adamantly denies Plaintiff's allegations of intentional concealment and states it does not have in its possession the employment records containing the information Plaintiff seeks. More specifically, Defendant states as follows:

_____

[1]*Wirtz v. Kansas Farm Bureau Services, Inc.*, 311 F. Supp.2d 1197, 1225-26 (D. Kan. 2004) (citations omitted).

[2]*Id.* (citing *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991)).

[3]*Id.* (citing *Heyen v. United States*, 731 F.Supp. 1488, 1489 (D. Kan. 1990)).

- Prairie Center Muffler, Inc. closed its business on September 30, 2003 and the corporation subsequently was dissolved.

- At her deposition, Staci Barthol, co-owner of Defendant company, testified she thought she had the personnel records pertaining to the business at their home. She also thought she had other business records such as invoices and delivery tickets for the August 2003 time period.

- Following the deposition, Staci searched, on more than one occasion, for the records that would identify the former employees of the business. None of these records have been found.

- Staci Barthol explained to plaintiff's counsel off the record at her deposition, that the man who served as their accountant embezzled a significant amount of money from the Barthol's business and other businesses. In the process of his prosecution, the government confiscated the records from the accountant. It is now believed that the sought after records pertinent to August 2003 were among those records. Staci Barthol has made attempts to get the records back now that the accountant has been convicted and is serving time in a federal penitentiary, but she has not been successful.

- At her deposition, Staci testified to the best of her knowledge concerning the former employees of the business. She identified John Werner. She identified Larry Melvin and remembered he lived in Gardner, Kansas. She identified Allen, last name unknown who had just moved to Lawrence Kansas.  Some time after the deposition, Staci advised defense counsel that Allen was Allen Morris. This information was relayed to plaintiff's counsel. The defendants had no other information about former employees.

- Counsel for Plaintiff located and interviewed Allen Morris prior to trial.

- Counsel for Plaintiff located and interviewed Larry Melvin prior to trial.  Larry Melvin ultimately was called by Plaintiff to testify at the trial in this matter.

Based on the facts presented, the Court is not persuaded that Defendant intentionally concealed from Plaintiff the names, addresses and social security numbers of its former employees. There is no evidence that the Barthols refused to answer questions or failed to produce information or documents in their possession.  And, even if the Barthols failed to take the additional steps necessary to obtain from governmental authorities the information sought, such failure cannot be characterized as intentional concealment. Plaintiff could have just as easily attempted to secure the requested information from the non-

3

party custodian of the records via subpoena. The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. Moreover, if the entities subpoenaed objected on grounds of privilege or otherwise fail to produce the documents, Plaintiff could have requested a release from Defendant.

Thus, the Court finds Defendant did not withhold information regarding former employees. Moreover, even if the jury was deprived of eyewitness testimony from former employees regarding the accident, Plaintiff has failed to present evidence and/or failed to explain how the absence of such testimony resulted in substantial injustice to Plaintiff or prejudiced Plaintiff in any way.  These circumstances do not warrant a new trial.

**B.     The Court Erred in Denying Plaintiff's Motion to Strike Defendant's Answer and for Entry of Default Judgment Prior to Trial**

Plaintiff argues that the Court erred in refusing to sustain his pretrial Motion to Strike Answer and for Default Judgment and that such error was prejudicial at trial because it impaired Plaintiff's ability to present evidence on the most crucial issue of his case – what happened on August 28, 2001.  Again, the Court disagrees.

As a preliminary matter, Plaintiff has presented no basis for reconsidering the Court's prior ruling – Plaintiff  merely rehashes the arguments made in his original pretrial motion.   It is true that Fed. R. Civ. P. 37(b)(2)(C) and 37(d) permit a court to enter a default judgment against a party who fails to obey discovery requirements.  A default judgment ,however, "is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of 'wilfulness, bad faith, or [some] fault of

petitioner' rather than inability to comply."[4]  A "willful failure" is an intentional failure rather than involuntary noncompliance.[5]

The Court is not persuaded that Defendant failed to comply with discovery requirements or that Defendant intentionally concealed from Plaintiff the names, addresses and social security numbers of its former employees. Fed. R. Civ. P. 26(a)(1)(A) requires that disclosures include the name and, *if known*, the address and telephone number of individuals likely to have discoverable information.[6]  There is no evidence that the Barthols refused to answer questions or failed to produce information known to them or documents their possession.  And, again, even if the Barthols failed to take the additional steps necessary to obtain from governmental authorities the information sought, such failure cannot be characterized as an intentional concealment warranting entry of default.  As noted above, Plaintiff could have just as easily attempted to secure the requested information from the non-party custodian of the records via subpoena. The sanction of a default judgment will be imposed only when the failure to comply with discovery demands is intentional.

The Court concludes it did not err in failing to grant Plaintiff's pretrial Motion for Default Judgment; thus these circumstances do not warrant a new trial.

---

[4]*M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (quoting *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212 (1958))).

[5]*Id.* at 872-73.

[6]Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).

5

C.      **Verdict Against the Weight of Evidence**

Finally, Plaintiff seeks a new trial on grounds that the verdict was against the weight of the evidence. "A motion for a new trial made on the ground that the verdict of the jury is against the weight of the evidence normally presents questions of fact and not of law and is addressed to the discretion of the trial court."[7]  "A new trial is not warranted simply because the court would have reached a different verdict."[8] Rather, the court should invoke its discretionary power only in the exceptional case where the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence.[9]

In support of his claim that the verdict is against the weight of evidence, Plaintiff contends that "[t]he defense version of what occurred, which is based upon inconsistent and self-contradictory testimony, when compared to the overwhelming evidence that the rack tipped over, compels the conclusion that the verdict rendered by the jury was against the weight of the evidence and that a new trial should be ordered."

In this case, after a great deal of deliberation, the Court concludes that this is truly an exceptional case where the jury's verdict was clearly, decidedly, and overwhelmingly against the weight of the evidence. The position asserted by Defendant was contrary to any common sense understanding of how the Plaintiff could have suffered the injuries in question.  Moreover, the testimony offered by Defendant was contradictory to the testimony offered by non-party witnesses, who had no interest in the outcome of the case and thus no reason to testify untruthfully.

--------

[7]*Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1125 (10th Cir. 1995).

[8]*Hillman v. U.S. Postal Serv.*, 169 F. Supp. 2d 1218, 1222 (D. Kan. 2001) (quotation omitted).

[9]*Veile v. Martinson*, 258 F.3d 1180, 1188 (10th Cir. 2001) (citing *Getter*, 66 F.3d at 1125).

In fact, the evidence presented at trial demonstrates that

1.      The rack was constructed by Defendant;

2.      The rack tipped over;

3.      Had the rack been secured to the wall, the rack would not have tipped over; and

4.      Plaintiff suffered serious injury as a result of being struck by the rack.

Simply put, "the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence."[10]   To that end, both the clear weight and logical force of the evidence – and the interests of justice – require this Court to grant Plaintiff a new trial.

Plaintiff's Motion for New Trial (doc. 76) is granted.  The Court will convene a status conference by telephone on **March 3, 2005 at 10:00 a.m.** to set a new trial date.  The undersigned Magistrate Judge will initiate this telephone conference and counsel should make themselves available at the telephone numbers listed in the pleadings.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this _____ day of February, 2005.


s/ David J. Waxse_____
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

_____

[10]*Hillman v. U.S. Postal Service*, 169 F.Supp.2d at 1222 (*quoting Leichihman v. Pickwick Intern.*, 814 F.2d 1263, 1267 (8thCir.) (*quoting Leichihman*, 589 F. Supp. 831, 834 (D. Minn. 1984)), *cert. denied*, 484 U.S. 855, 98 L. Ed. 2d 116, 108 S. Ct. 161 (1987)).

7